JAMES L. WHIPPLE, Trustee, *vs.* NORTH BRITISH & MERCANTILE FIRE INSURANCE CO.

After a loss by fire the parties in interest fixed the amount of loss and damage, "subject to terms and conditions of several policies."

In an action against the insurers: —

*Held,* that this adjustment meant "subject to" *all the* "terms and conditions of the policies" not superseded by the agreement.

*Held,* further, that the question of liability was not affected by this adjustment, which only determined the amount due in case of liability.

DEFENDANT'S petition for a new trial.

After the destruction by fire of certain insured property, the following agreement of adjustment was made by the parties interested : —

CAVENDISH, VT., *Nov.* 20, 1873.

It is hereby agreed between J. L. Whipple, owner of stock and supplies in Stone Woollen Mill, situate Cavendish, Vt., and burned Nov. 11, 1873, and the representatives of the various Co.'s insuring same, to fix the loss and damage on same as follows:

|  |  |
|---|---:|
| Card-room . . . . . . . | $1,241.07 |
| Spinning-room . . . . . . | 15.00 |
| Weave-room . . . . . . | 1,399.50 |
| Finishing-room . . . . . . | 7,357.85 |

Subject to terms and conditions of several policies.

J. L. WHIPPLE,

H. E. BOWERS, ⎰ for companies
A. E. MOORE, ⎱ in interest.

L. FAIRBANKS, witness.

At the trial in this court, before a jury, of an action against one of the insurers, who was a party to this agreement, the presiding judge construed the words " subject to terms and conditions of several policies," as referring only to the terms and conditions of payment, and so instructed the jury.

A verdict was rendered for the plaintiff, and this petition was filed.

*June* 22, 1875. DURFEE, C. J. The exceptions make it necessary for us to construe the agreement referred to in them. We think the true construction is that the parties agreed to fix the loss and damage, subject to the terms and conditions of the policy, and that the words, " subject to the terms and conditions," mean subject to *all* the terms and conditions, excepting such as are superseded by the fact that the loss and damage have been fixed. Ordinarily, without doubt, an adjustment of loss is equivalent to a promise to pay the loss so determined ; for ordinarily an adjustment implies a liability for the loss and a consequent promise to pay it. But an adjustment does not *necessarily* imply liability, and accordingly it may be made under a reservation of the question of liability. This appears to have been done in the case at bar. The adjustment was made subject to the terms and conditions of the policy ; and by the terms of the policy the company is relieved from liability in case certain conditions or stipulations are not fulfilled by the insured. The adjustment, in view of the qualifying words, means simply that the company

will pay the loss as fixed under the terms and conditions of the policy, if under them the plaintiff is entitled to payment. The plaintiff contends that the qualifying words are ambiguous, and that, in the light of the testimony, they must be construed to relate simply to the provision of the policy in regard to the time of payment. We are not of that opinion. We think the construction we have given is the obvious and natural construction; that it is the correct construction; and that, if it had been adopted at the trial, the ruling and charge would have been other than they were. *New trial granted.*

*B. N. Lapham & Charles A. Wilson,* for plaintiff.

*Charles Hart,* for defendant.